UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICAN FOREIGN SERVICE ASSOCIATION**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **U.S. DEPARTMENT OF STATE,** <br><br> Defendant. | Civil Action No. 24-3385 (JEB) |

**MEMORANDUM OPINION AND ORDER**

For those who have followed the news over the last several years, the details of this suit should sound familiar. Various current and former employees of the State Department allege that they suffered so-called "Anomalous Health Incidents" between 2016 and 2018: one while working for the U.S. Consulate in Shanghai, another after meeting with FBI counterintelligence in Arizona, and a third while working for the U.S. Embassy in Guatemala City. See ECF No. 1 (Compl.), ¶¶ 3–7, 38–40, 53–57, 67–69. Although the details vary, each incident involves the sudden and inexplicable onset of various neurological symptoms, ranging from dizziness and memory loss to headaches, nausea, hearing loss, and insomnia. See id., ¶¶ 10, 12, 40, 56–59, 68–69. According to the Complaint, Foreign Service personnel reported many such incidents to the U.S. Government during this period, but thus far neither cause nor culprit has been identified. Id., ¶¶ 10–20.

In 2021, however, Congress passed the Helping American Victims Afflicted by Neurological Attacks Act (HAVANA Act), Pub. L. No. 117-46, 135 Stat. 391, which established

1

a mechanism for victims to claim compensation for their injuries. See Compl., ¶ 26. Plaintiffs John Doe, Jane Doe 1, and Jane Doe 2, along with the professional organization that represents them, allege that they were unlawfully denied such compensation. Id., ¶¶ 81–83. They thus bring this suit against State under the Administrative Procedure Act, seeking a reversal or vacatur of those denials. Id. at 25 & ¶¶ 79–83. As relevant to this proceeding, they also have filed a Motion for Leave to Proceed Under Pseudonym, citing the sensitivity of the subject matter. See ECF No. 2-1 (Mot.). The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

I. **Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

2

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.  Analysis

At this early stage, Plaintiffs have met their burden to show that the privacy interests at stake outweigh the public's presumptive and substantial interest in learning their identities.

For the first factor, the Complaint makes clear that Plaintiffs seek to proceed under a pseudonym not "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). More specifically, they do so to protect their private medical information. See Mot. at 5–6. The Complaint, for instance, includes details of the victims' symptoms and their various diagnoses and attempts to seek treatment. See Compl., ¶¶ 38–44, 48, 55–59, 68–69, 72–75. Courts have found that this factor counsels in favor of pseudonymity when such information might be revealed. See In re Sealed Case, 971 F.3d at 327 (medical information is considered sensitive and highly personal information); C. v. Dist. of Columbia, No. 23-1139, ECF No. 5 (Mem. Op.) at 3 (D.D.C. Apr. 27, 2023) (finding this factor favored pseudonymity where "[t]he Complaint illustrate[d] in vivid detail the wide range of medical conditions from which Plaintiffs and putative class members

3

suffer[ed]"); Employee Case #1 v. Dep't of Behavioral Health, 694 F. Supp. 3d 110, 114 (D.D.C. 2023) (similar).  This factor thus weighs in favor of pseudonymity.

The second factor, which concerns the "risk of retaliatory physical or mental harm" to Plaintiffs and to "innocent non-parties," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97), tips only slightly in Plaintiffs' favor.  They acknowledge, as they must, that the U.S. Government "has yet to publicly identify exactly who is responsible" for the AHIs "or how the attacks [were] conducted," Mot. at 7, and their Complaint notes that the CIA's interim report, released in January 2022, concluded that most cases reported to the government "could be explained by environmental causes, undiagnosed medical conditions[,] or stress, rather than a sustained global campaign by a foreign power."  Compl., ¶ 19.  Nonetheless, they maintain that they are "victims of targeted attacks by a hostile foreign country" and that "publicly exposing their names significantly raises the risk of further potential retaliation from the foreign power that originally attacked them."  Mot. at 6–7.

Where credible, such allegations have led courts to permit pseudonymity.  See, e.g., J.K.A. v. United States, No. 23-2273, ECF No 7 (Mem. Op.) at 3–4 (D.D.C. Aug. 10, 2023) (factor favors pseudonymity when plaintiffs faced "threats of retaliation" from foreign government); Doe v. U.S. Dep't of State, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) ("Allowing Doe to file pseudonymously will help to conceal his work with the U.S.-led reconstruction efforts [in Iraq] and protect his wife and minor child from the anti-U.S. insurgents . . . .").  The wrinkle here is that Plaintiffs' fear of reprisal is predicated on assuming as true something the relevant authorities have determined is unlikely — namely, that a malevolent foreign power is behind these ailments.  Plaintiffs, moreover, do not attach an affidavit supporting their claims, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C.

Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render [their] concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, 680 F. Supp. 3d 1, 5 (D.D.C. 2023). At this early stage, however, the Court finds the allegations in the Complaint sufficiently grave — even if potentially baseless — to warrant adopting a cautious approach. It therefore finds that this factor marginally supports letting Plaintiffs proceed under a pseudonym.

The third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — weighs against pseudonymity, as the Plaintiffs have been adults at all times relevant to the proceeding. See Mot. at 8.

The fourth factor, conversely, weighs in favor of pseudonymity. Plaintiffs are suing a government defendant and seek individualized relief. In such cases, courts have generally favored pseudonymity. See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a yearlong delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted); see also J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) ("[A]nonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'") (citation omitted); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (factor supported pseudonymity where "[p]laintiff allege[d] deficiencies in ICE's compliance with FOIA solely with respect to his individual request"); T.F. v. Dist. of Columbia, No. 23-3612, ECF No. 4 (Mem. Op.) at 4 (D.D.C. Dec. 7, 2023) (similar where "Plaintiff

[sought] to vindicate merely his individual right to a Free and Appropriate Public Education under IDEA") (cleaned up).

The fifth factor — risk of unfairness — also favors pseudonymity. Defendant will know Plaintiffs' identities as former or current employees, see Mot. at 9, and thus it will not be prejudiced by such a measure. See, e.g., In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (fifth factor supports motion where defendant already knows plaintiff's identity).

In sum, as only the third factor supports disclosure, the balance favors permitting Plaintiffs to proceed under pseudonyms at this stage.

The Court accordingly ORDERS that:

1. Plaintiffs' Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; and

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: December 11, 2024